O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 07-1420 DOC (MLGx)                      Date: December 11, 2008

Title: APPLIED MEDICAL DISTRIBUTION CORPORATION V. THE SURGICAL COMPANY BV

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                              Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                NONE PRESENT

PROCEEDING (IN CHAMBERS): AWARDING ATTORNEY'S FEES AND COSTS

     On September 15, 2008, this Court granted partial summary judgment to Plaintiff Applied Medical Distribution Corporation ("Applied") and requested that Applied submit a supplemental declaration setting forth the costs and reasonable attorney's fees that it incurred in this case.

     On October 14, 2008, Applied submitted a declaration setting forth the costs and attorney's fees expended in pursuit of the instant action. In this declaration, Applied accounted for the costs of three attorneys and several professional staff, claiming at a total of $107,236.19 in costs and attorney's fees. The claimed fees and costs account for 268.9 hours of work at rates ranging from $189.94 and hour to $613.91 an hour. Applied avers that the claimed fees and costs do not account for approximately $38,146.32 incurred in defense of the parallel Belgian action in this case.

     "'In setting a reasonable attorney's fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable.'" *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir.

2000) (quoting *Frank Music Corp. v. Metro-Goldwyn Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)).  The first step the district court must take is to "determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie*, 217 F.3d at 1070 (internal quotation marks and citation omitted).  Next, the district court should, where appropriate, "adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir.1975), that have not been subsumed in the lodestar calculation." *Id.* (internal quotation marks and citation omitted).

      The Court finds that the number of hours claimed by Plaintiff to be reasonable.  Likewise, the rates claimed are within the reasonable range charged by attorneys of similar background and practice location.  Further, Defendant has not filed an opposition to Plaintiff's declaration and, in a Status Report dated November 26, 2008, avers that it will not file an opposition to Plaintiff's declaration.

      For the foregoing reasons, the Court finds the claimed sum of $107,236.19 to represent a reasonable figure and, accordingly, hereby AWARDS said sum to Applied.

      The Clerk shall serve this minute order on all parties to the action.